## In re IRVING AUSTIN BUILDING CORPORATION.

### No. 59975.

District Court, N. D. Illinois, E. D.

Oct. 26, 1937.

WOODWARD, District Judge.

This is an unusual and exceptional case.

The debtor filed its petition for reorganization. The case went along without any serious controversy until after the plan of reorganization had been confirmed by the court. There were more or less formal objections to the confirmation of the original plan, but they were overruled. The attorney for the debtor gave notice to the parties interested that on a certain date he would ask the court for the entry of a final decree and for the discharge of the trustee theretofore appointed by the court. To the application for final decree and for the discharge of the trustee certain holders and owners of the first mortgage real estate bonds, secured by a mortgage on debtor's property, appeared by their attorney, Seymour M. Lewis, and moved to vacate the order confirming the plan of reorganization and objected to the proposed order for the discharge of the trustee. The Chicago Title & Trust Company, as successor trustee under the first mortgage trust deed, also joined with the bondholders in their objections. In support of their motion to vacate the order confirming the plan, the bondholders made serious charges of fraud in the administration of the estate, both in a prior proceeding in the state court and in these proceedings. The charges further gave the inference that this court had been imposed upon in entering the order of confirmation. In general the charges were that the debtor, which had been allowed to remain in possession for some time after the approval of the petition, had failed to make a proper accounting, and that certain stockholders of the debtor had conspired to introduce perjured testimony from certain of the books and records in hearings before this court. So serious were the charges that the court felt that no final decree should be entered until the charges had been heard and investigated before a special master. Accordingly, the petition to vacate the order confirming the plan of reorganization was referred to Victor E. La Rue, as special master. In view of the seriousness of the charges, the court orally requested the trustee, Charles A. Cunningham, and his attorney, Edgar B. Elder, to join in the investigation, and, as impartial representatives of the court, to make recommendations as to vacation of the confirmation order. The court did this because it felt that it should have the judgment of its impartial officers. Later, Mr. Henry E. Ayers, representing certain bondholders, joined in the investigation, and the firm of Lavin & Ruvell entered their appear-

ance as cocounsel with Seymour M. Lewis on behalf of the persons represented by Lewis.

Hearings on the petition to vacate the order of confirmation were had before Special Master La Rue extending over a period of seven months. Approximately 1,340 pages of testimony were taken and 75 exhibits were received. The debtor, in the hearings before the special master, bitterly contested the charges made in the petition for vacation of the order.

■ The special master was about to make his report with recommendations when new counsel for debtor, Deneen & Massena, entered the case. The aspect of the litigation suddenly changed. Instead of obstructive tactics, the new attorneys immediately assumed a constructive and helpful attitude to the debtor, to the creditors, and to the court. They asked and were granted leave to file an amended plan of reorganization which was entirely different from the plan which had theretofore been confirmed. The filing of the amended plan of reorganization was tantamount to a confession of the motion to vacate the original order of confirmation. By its obstructive tactics, prior to the injection of attorneys who assumed a constructive attitude, the debtor had compelled the court officers—its trustee and his attorney and the attorneys for the objecting creditors—to spend a vast amount of time in research, in hearings before the special master, and in arguments both before the special master and before the court to maintain the allegations of fraud. In view of the fact of the virutal confession of the petition to vacate and of the submission of an amended plan, the original plan was abandoned and the special master filed no report on the allegations of fraud contained in the petition. Neither has the court made any adjudication thereon.

The first plan of reorganization was an exchange of bonds for stock. Objections were filed to the first amended plan which, in substance, provided for a new first mortgage, dollar for dollar, with the outstanding bonds payable in ten years with 3 per cent. interest. Objections to the first amended plan were heard, whereupon the debtor filed a second amended plan which, after a minor amendment, was confirmed by the court. The second amended plan, as amended and confirmed by the court, provided, in substance, for

new bonds in the amount of $61,500 due in five years with 4 per cent. interest. The holders of $198,500 in bonds agreed to take stock and therefore to be subordinated to the holders of the $61,500 in new bonds. At the time of the confirmation of the original plan of reorganization the bonds had a nominal value of from 5 to 10 cents on the dollar. By the plan of reorganization, as confirmed, the holders of bonds will realize 100 cents on the dollar. The plan, as finally confirmed, forced the holders of $198,500 in bonds to take stock. It is fair to infer that the holders of these $198,500 in bonds were compelled to accede to the subordinate position assigned them because of the facts developed in the hearings before the special master.

■ The court is of opinion that under the peculiar circumstances of this case that the trustee and the attorneys who resisted the original plan of reorganization have performed services which were highly beneficial to the estate. These services were made necessary by the bellicose and obstructive attitude of the attorney for the debtor, prior to the entry of the firm of Deneen & Massena into the case. Both the court and the creditors benefited from the work which necessarily, under the circumstances, had to be done.

As a proper approach to a fair and equitable rule of awarding compensation, the court is of the opinion that it should first determine the maximum amount which should be awarded to the attorneys for the objectors and the trustee and his attorney as a class, that is to say, how much should be awarded, as considered jointly, to Charles A. Cunningham, trustee; Edgar B. Elder, attorney for the trustee; Seymour M. Lewis and Lavin & Ruvell, representing certain creditors; and Henry E. Ayers, representing certain other creditors. The interests of each of the objectors and the trustee were identical. It is hardly fair to say that there was a duplication of work and effort. Each contributed a share to the investigation. No one counsel was responsible for the results accomplished. All counsel working together secured the benefit to the estate.

The difficulty which faces the court is in admeasuring and allocating to the particular individuals the fair and just allowance which should be awarded to each.

The court finds that the amount which should be allocated to the parties who participated in the fraud investigation as the just and reasonable allowance which should be made to such interests is the sum of $18,500.

This sum should be allocated to the several parties as follows:

| To | |
|---|---|
| Charles A. Cunningham | $ 3,500.00 |
| Edgar B. Elder | 6,500.00 |
| Seymour M. Lewis and Lavin & Ruvell | 5,000.00 |
| Henry E. Ayers | 3,500.00 |
| Total | $18,500.00 |

The court, therefore, makes the following allowances for those services resulting in benefit to this proceeding and plan and expense incidental thereto:

| | | |
|---|---|---|
| To Rathje, Hinckley, Barnard, Kulp & Tucker, of Chicago, Ill., attorneys for the Patio Theater Corporation, occupying the theater in the debtor property whose principal officers have been officers and stockholders of the debtor corporation. This firm has already received $850, and the allowance herein made is in addition to the amount already paid and received | | $2,750.00 |
| To Charles A. Cunningham, trustee. Managerial services. In all | $4,555.84 | |
| From which should be deducted | 2,100.00 | |
| already paid, making | 2,455.84 | |
| now due. Services in the fraud investigation performed at the request of the court | 3,500.00 | 5,955.84 |
| To Edgar B. Elder, of Chicago, Ill., attorney for the trustee. Services in the protection of the estate | 2,913.33 | |
| From which should be deducted | 2,500.00 | |
| already paid, leaving a balance of | 413.33 | |
| now due Services in the fraud investigation performed at the request of the court | 6,500.00 | 6,913.33 |
| To Chicago Title & Trust Company, Services as successor trustee under the trust deed | | 200.00 |
| To Foreman, Bluford, Krinsley & Schultz, of Chicago, Ill., attorneys for successor trustee under trust deed | | 3,085.00 |
| To Mark Levy, appraising services made at the request of Seymour M. Lewis | | None |
| To Seymour M. Lewis and George S. Lavin, both of Chicago, Ill. | | 5,000.00 |
| To Henry E. Ayers, of Chicago, Ill. | | 3,500.00 |

An order may be presented in conformity with the foregoing memorandum.